IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 23-11082-smr |
| Alexandria Hollowell, | ) | |
| | ) | |
| Debtor. | ) | Chapter 7 |

| | | |
|---|---|---|
| Alexandria Hollowell, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary No. 23-1040-smr |
| | ) | |
| United States of America | ) | |
| Department of Education, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S PRE-TRIAL ORDER**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, the United States of America (on behalf of the U.S. Department of Education), Defendant in the above styled adversary proceeding, and files this Defendant's Pre-Trial Order, and respectfully represents to the Court the following:

**I.
Nature of Dispute**

1. Plaintiff filed for relief under Chapter 7 of the Bankruptcy Code on December 19, 2023.

2. Plaintiff is indebted to the U.S. Department of Education (DOEd) in the approximate amount of $62,430.00 as of January 2, 2024. The debt is based on educational loans.

3. Plaintiff asserts she is entitled to a discharge pursuant to 11 U.S.C. § 523(a)(8). The DOEd asserts that Plaintiff is liable for the student loans and denies that repayment on the subject student loans would be an undue hardship.

## II.
## Jurisdiction

4. This Court has jurisdiction over this proceeding under 28 U.S.C. § 1334, 11 U.S.C. § 523 (a)(8).

5. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and (J).

## III.
## Consent or Non-Consent to Entry of Final Order/Judgment

6. Plaintiff and Defendant consent o entry of a final order or judgment by the Bankruptcy Court in this adversary proceeding (ECF Nos. 9 and 12).

## IV.
## Summary of Claims and Defenses

7. Plaintiff claims that repayment of the student loans would impose an undue hardship as set forth in 11 U.S.C. § 523(a)(8) and therefore such debt qualifies for discharge.

8. The United States disagrees and asserts that the Plaintiff must prove the three requirements for a discharge set forth in In Re Gerhardt 348 F.3rd 89, (5th Cir. 2003) and *Brunner v. N.Y. State Higher Educ. Serv. Corp.*, 831 F.2d 395 (2d Cir. 1987).

## V.
## Stipulated Facts

9. Defendant stipulates to the following facts:

   a. Debtor, Alexandra Hollowell, brings this action Pro Se for the discharge of her federal student loan debt under the "undue hardship" provision set out in 11 U.S.C. § 523(a)(8).

   b. Debtor filed her bankruptcy case under chapter 7 of the Bankruptcy Code on December 19, 2023. She filed her adversary action on December 19, 2023, seeking to determine the dischargeability of her student loan. This Court has jurisdiction over this action under 28 U.S.C. § 1334. This proceeding is a core proceeding. Debtor and

Defendant have consented to the entry of final orders of judgment by the Bankruptcy Court in this matter.

c. One of the unsecured debts owing by Debtor are student loans owing to Defendant, Department of Education. With accumulated interest, the amount owed on the student loan when this case was filed was $62,430.00.

d. The student loan debts were incurred to pay tuition at the University of Houston to obtain a degree in Organizational/Corporate Communications with a Minor in Organizational, Leadership & Supervision and a degree in Executive Masters in Hospitality Management.

## VI.
## Disputed Factual Issues

10. Defendant asserts the disputed facts are that any inability on Debtor's behalf to repay the student loans is not based on a situation that will persist and prevent Plaintiff from being able to make payments on her loans in the future.

## VII.
## Applicable Law

11. Plaintiff seeks a determination that the debt owed to the DOEd is dischargeable under 11 U.S.C. § 523(a)(8), which provides, in pertinent part, that a debt for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded by a governmental unit, is not dischargeable in bankruptcy unless excepting the debt from discharge would impose an undue hardship on the debtor and the debtor's dependents.

12. The statute does not define "undue hardship," and that task has been committed to the courts. The leading case on the standards for "undue hardship" is *Brunner v. N.Y. State*

*Higher Educ. Serv. Corp.*, 831 F.2d 395 (2d Cir. 1987). The Fifth Circuit has adopted the analysis in Brunner, see In Re Gerhardt, 348 F.3rd. 89, (5th cir 2003), and *In Re Thomas*, 223 F.App'x 310 (5th Cir. 2007). See also, *In re Pena*, 155 F.3d 1108 (9th Cir. 1998); *Faish v. Pa. Higher Educ. Assistance Auth.*, 72 F.3d 298 (3d Cir. 1995), *cert. denied*, 518 U.S. 1009 (1996); *Cheesman v. Tenn. Student Assistance Corp.*, 25 F.3d 356 (6th Cir. 1994), *cert. denied*, 513 U.S. 1081 (1995); *Roberson v. ll. Student Assistance Comm'n*, 999 F.2d 1132 (7th Cir. 1993); *Ammirati v. Nellie Mae Inc.*, 187 B.R. 902 (D.S.C. 1995), *aff'd*, 85 F.3d 615 (4th Cir. 1996). *Gerhardt* required the debtor to prove that:

1. The debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for self and dependents if forced to repay the loan;

2. Additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period for the loan; and

3. The debtor has made good faith efforts to repay the loan.

"Dischargeability should be based upon the certainty of hopelessness, not simply a present inability to fulfill financial commitment." *In re Roberson*, 999 F.2d 1132, 1136 (7th Cir. 1993). To determine whether repayment will impose an undue hardship, the first and second parts of the *Brunner* test require consideration of the debtor's expenses and income potential, as well as the payment term and the installment amount required for the loan. The Department makes available a variety of income-sensitive repayment options for financially distressed debtors that allow the debtor to make reduced installment payments, over an extended payment period, based on the debtor's ability to pay.

## VIII.
## Contested Issues

13. Whether the debt for student loans, owed by the Plaintiff, is dischargeable under 11 U.S.C. § 523 (8).

## IX.
## Witnesses

14. The United States may call an employee with the Department of Education as a witness.

15. The Plaintiff will testify on her behalf.

## X.
## Length of Trial

16. Defendant estimates the trial will take approximately three hours.

## XI.
## Additional Matters

17. No additional matters at this time.

## XII
## Exhibits

18. Defendant intends to introduce Debtor's bankruptcy schedules as an exhibit.

19. Defendant intends to introduce the affidavit of Cristin Bulman, Loan Analyst, U.S. Department of Education as an exhibit.

## XIII
## Certificate of Conference

20. Pursuant to Court Order (ECF No. 23), Defendant attempted to confer with Plaintiff by sending a draft proposed Joint Pretrial Order and proposed Joint Findings of Fact and Conclusions of Law to Plaintiff on September 10, 2024, via e-mail and U.S. First Class mail, and again on September 17, 2024 via e-mail and Federal Express. The only

communication from Plaintiff has been an email response on September 24, 2024, where she did not provide information sufficient to file a joint pretrial order at this time. Defendant is scheduled to be out of town on the due date of September 30, 2024. Therefore, Defendant files this Defendant's Pretrial Order and Findings of Fact and Conclusions of law in order to give Plaintiff ample time to submit her own.

          JAIME ESPARZA
          UNITED STATES ATTORNEY

By:   */s/ Steven B Bass*
      Steven B. Bass
      Assistant United States Attorney
      Florida Bar No. 767300
      903 San Jacinto Blvd., Suite 334
      Austin, Texas 78701
      (512) 916-5858 / Fax (512) 916-5854
      Steven.Bass@usdoj.gov
      Attorney for Defendant United States of America

## CERTIFICATE OF SERVICE

I certify that on September 25, 2024, a copy of the foregoing "Defendant's Pre-Trial Order" was served by U.S. First Class Mail, postage prepaid, as indicated below:

Alexandria Hollowell
928 East 56th Street
Austin, TX 78751
*Via U.S. First Class Mail*
*Via email* Alexandria.abh@gmail.com

          /s/*Steven B. Bass*
          STEVEN B. BASS
          Assistant United States Attorney