**The relief described hereinbelow is SO ORDERED.**

**Signed October 23, 2024.**

_____
**CHRISTOPHER G. BRADLEY
UNITED STATES BANKRUPTCY JUDGE**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| In re:<br>**ALEXANDRIA HOLLOWELL,**<br>Debtor. | § § § § § | **Case No. 23-11082-cgb**<br>**Chapter 7** |
| **ALEXANDRIA HOLLOWELL,**<br>Plaintiff,<br>v.<br>**U.S. DEPARTMENT OF EDUCATION,**<br>Defendant. | § § § § § § § § § § § | **Adv. No. 23-01040-cgb** |

## MEMORANDUM OPINION AND FINAL JUDGMENT

On December 19, 2023, Alexandria Hollowell ("Ms. Hollowell") filed a *Complaint to Determine Dischargeability of Student Loan*[1] against the U.S. Department of Education (the "DOE") seeking a hardship discharge under 11 U.S.C. § 523(a)(8). On October 22, 2024, the Court held a trial and—after considering the record, arguments, admitted exhibits, and applicable law—the following constitutes the Court's findings of fact and conclusions of law. Based on

---

[1] ECF No. 2.

1

these findings and conclusions, the Court has determined that Ms. Hollowell failed to satisfy her burden of establishing "undue hardship" under the demanding standard adopted by the Fifth Circuit for interpreting and applying 11 U.S.C. § 523(a)(8).

## Jurisdiction and Venue

The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334(a) and (b). This matter is a core proceeding under 28 U.S.C. § 157(b)(1) and (b)(2)(I). Venue is proper under 28 U.S.C. §§ 1408 and 1409. The Court has authority to adjudicate this matter pursuant to the District Court's Standing Order of Reference. The parties each filed statements consenting to the Court's authority to enter a final judgment in this adversary proceeding.[2]

## Procedural History

On December 19, 2023 (the "Petition Date"), Ms. Hollowell filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. That same day, Ms. Hollowell initiated this adversary proceeding against the DOE. On January 17, 2024, the DOE filed its *Answer*.[3] On September 25, 2024, the DOE filed its proposed *Pre-Trial Order*[4] and *Findings of Fact and Conclusions of Law*.[5] On October 15, 2024, Ms. Hollowell filed her proposed *Findings of Fact and Conclusions of Law*.[6]

## Findings of Fact[7]

Ms. Hollowell is thirty-one years old.[8] She has a history of mental health issues dating back to at least February 2011.[9] Ms. Hollowell has been prescribed

---

[2] ECF Nos. 9 and 12.

[3] ECF No. 8.

[4] ECF No. 30.

[5] ECF No. 31.

[6] ECF No. 36.

[7] Any finding of fact that should be more appropriately be characterized as a conclusion of law should be regarded as such, and vice versa.

[8] Pl. Ex. A, No. 3.

[9] Pl. Ex. D.

with various medications for these issues,[10] which she believes will persist for the rest of her life.

Ms. Hollowell began incurring student loan debts to the DOE in August 2013 while a sophomore at the University of Texas at San Antonio.[11] She incurred additional student loan debt as an undergraduate student at the University of Houston, where she obtained a degree in Organizational/Corporate Communications with a minor in Organizational Leadership & Supervision in May 2019.[12]

In February 2020, Ms. Hollowell consolidated her existing student loans and in April, June, and August 2023,[13] she incurred additional student loan debt as a graduate student at the University of Houston, where she graduated magna cum laude with an Executive Master of Hospitality Management in December 2023, despite being on several medications for her ongoing mental health issues.[14]

As of the Petition Date, Ms. Hollowell's student loans had the following outstanding principal balances:[15]

| Loan Date | Outstanding Principal |
|---|---|
| February 4, 2020 | $15,039 |
| February 4, 2020 | $17,698 |
| April 3, 2023 | $10,250 |
| June 5, 2023 | $9,193 |
| August 21, 2023 | $10,250 |
| **TOTAL** | **$62,430** |

The student loans are scheduled to be repaid by July 2045.[16]

---

[10] Id.

[11] Def. Ex. 2-1.

[12] Pl.'s Findings of Fact ¶ 4.

[13] Def. Ex. 2-1.

[14] Pl.'s Findings of Fact ¶ 4.

[15] Id.

[16] Pl. Ex. A, No. 6.

Prior to the bankruptcy, Ms. Hollowell started her own business, LE Meals Ltd. Co., a catering company, where she is the 100% owner.[17] At trial, Ms. Hollowell confirmed that, in June 2022, the company's average monthly sales were approximately $7,738.03.[18] Ms. Hollowell also testified that, over the past four years, LE Meals has been featured in various publications, including Eater, Austin Monthly, The Austin Chronicle, Bar & Restaurant Expo, Black Restaurant Week, and more. Ms. Hollowell testified that she received an "Award of Distinction" while competing in *The World Food Championships* in 2021. Ms. Hollowell testified that this business is not currently operating due to her bankruptcy filing and liens levied on the business.

Ms. Hollowell testified that she has authored several books listed on Amazon but that she has not yet earned any royalties.

Ms. Hollowell testified that she has been unable to find a job that utilizes her master's degree or prior work experience, nor has she been able to find an entry-level job in another industry. She testified that she has difficulty maintaining employment, which she attributes to her ongoing mental health issues. She further testified that, due to her medical conditions, she needs to work in a self-paced environment and that she has applied for disability. Ms. Hollowell testified that she was recently evicted from her residence and now relies on third-party assistance, including food stamps, the Medical Access Program, and contributions from her partner.

At the conclusion of the hearing, Ms. Hollowell argued that, although she is not eligible to apply for "Total and Permanent Disability" discharge of her student loans through the DOE because "there are potential options and . . . and potential things that I could go on and potentially do," her ongoing mental health issues nevertheless prevent her from maintaining stable employment.

## Conclusions of Law

Ms. Hollowell's student loan debts are "an educational . . . loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution." 11 U.S.C. § 523(a)(8). To discharge such a debt, a debtor must establish that the debt "would impose an undue

---

[17] Pl. Ex. A, No. 30.

[18] *See also Motion to Sanction Creditor Good Funding LLC*, Bankr. ECF No. 21, Ex. A.

4

hardship on the debtor and the debtor's dependents" if not discharged. 11 U.S.C. § 523(a)(8). The Fifth Circuit employs a three-prong test for evaluating "undue hardship," generally referred to as the *Brunner* test, which requires a debtor prove:

> (1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans;
>
> (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and
>
> (3) that the debtor has made good faith efforts to repay the loans.

*U.S. Dep't of Educ. v. Gerhardt (In re Gerhardt)*, 348 F.3d 89, 91 (5th Cir. 2003) (quoting *Brunner v. New York State Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (2d Cir. 1987)). "If the debtor is unable to prove even one of the prongs, he does not meet the standard for undue hardship." *Eady v. United States (In re Eady)*, No. 20-04028, 2021 WL 3148951, at *3 (Bankr. E.D. Tex. July 26, 2021). Here, even if the Court assumes that Ms. Hollowell cannot currently maintain a "minimal" standard of living if forced to repay her student loans, Ms. Hollowell cannot satisfy the second prong of the *Brunner* test and therefore does not meet the standard for "undue hardship."

The second prong of the *Brunner* test is "exceptionally demanding" and requires a debtor "show that circumstances out of her control have resulted in a 'total incapacity' to repay the debt now and in the future." *Thomas v. Dep't of Educ. (In re Thomas)*, 931 F.3d 449, 451 (5th Cir. 2019) (quoting *Gerhardt*, 348 F.3d at 92). The relevant circumstances must be "circumstances that impact the debtor's future earning potential but which were either not present when the debtor applied for the loans or have since been exacerbated. A debtor must show that the circumstances that prevent repayment could not have been reasonably anticipated when the loan was received." *O'Donohoe v. Panhandle-Plains Higher Educ. Auth. (In re O'Donohoe)*, No. 12-03281, 2013 WL 2905275, at *4 (Bankr. S.D. Tex. June 13, 2013) (citing *Gerhardt*, 348 F.3d at 92).

Ms. Hollowell's long history of mental health issues began before she initially incurred student loan debts to the DOE. Ms. Hollowell testified about being admitted to a psychiatric hospital in 2011, prior to her initial DOE student loan. Ms. Hollowell

5

was prescribed with various medications and, although she continued to experience these mental issues, she was able to earn both an undergraduate degree and a graduate degree, the latter even being earned with honors. During this time, Ms. Hollowell also started her own business, which at one point had $7,738.03 in average monthly sales, and authored three books currently listed on Amazon.

Even if she is currently unable to secure employment and make student loan payments, the evidence and testimony presented do not paint the picture of a debtor with a "total incapacity" to repay her student loan debts in the future. Ms. Hollowell is thirty-one years old with a recently earned graduate degree and a demonstrated history of successful entrepreneurship, all despite various ongoing mental health issues.

Ms. Hollowell's mental health issues existed before she took out the student loans and the uncontroverted testimony indicates that these issues will persist and undoubtedly present future challenges. However, as evidenced by what she has been able to accomplish, these ongoing issues will not likely result in Ms. Hollowell being totally incapable of making payments in the future, whether through self-employment and entrepreneurship, or through other jobs, including jobs at less than a master's degree level.

## Conclusion

Student loans are excepted from discharge unless the debtor can establish that repayment would impose "undue hardship" under the demanding *Brunner* standard. This adversary proceeding was commenced less than four months after the most recent DOE student loan debt was incurred and almost simultaneously with Ms. Hollowell earning a graduate degree that was funded by the very student loans that she now seeks to discharge. Ms. Hollowell has not established that her current inability to repay the loans will persist for a significant portion of the repayment period and therefore has not met the standard for a hardship discharge under 11 U.S.C. § 523(a)(8).

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. Judgment is entered in favor of defendant U.S. Department of Education and against plaintiff Alexandria Hollowell.

6

2. The student loans owed by Alexandria Hollowell to the U.S. Department of Education are excepted from discharge pursuant to 11 U.S.C. § 523(a)(8).

# # #